NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MOHAMMAD ALI ALIZADAH NAWAI,

Defendant - Appellant.

No. 23-2523

D.C. No.
4:22-cr-00029-BLW-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted October 18, 2024
Idaho Falls, Idaho

Before: N.R. SMITH, R. NELSON, and FORREST, Circuit Judges.

Mohammad Ali Alizadah Nawai was convicted by a jury for attempted

coercion and enticement in violation of 18 U.S.C. § 2422(b), sexual exploitation of

a minor child in violation of 18 U.S.C. § 2251(a), (e) and § 2256(8)(a), and transfer

of obscene matter to a minor in violation of 18 U.S.C. § 1470. The convictions

stemmed from a sting operation during which an officer pretended to be a thirteen-

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

year-old girl named "Kat." Nawai appeals from the district court's denial of his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review Nawai's Rule 29 challenge to his convictions for plain error, because he failed to renew the motion at the close of trial. *See United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201 (9th Cir. 2000). "To establish plain error, [Nawai] must at least demonstrate an error, that the error was plain, and that the error prejudiced his substantial rights." *United States v. Kirst*, 54 F.4th 610, 620 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2681 (2023).

For each of Nawai's convictions, the government was required to prove that Nawai believed he was interacting with a thirteen-year-old. The record supports Nawai's convictions. Even if we were not reviewing for plain error, "*any* rational trier of fact could have found" that Nawai believed that "Kat" was thirteen years old "beyond a reasonable doubt." *United States v. Wiggan*, 700 F.3d 1204, 1210 (9th Cir. 2012).

The government presented adequate evidence to satisfy either standard of review. For instance, the government submitted transcripts of the conversations between Nawai and "Kat," wherein they discussed "Kat's" alleged age on several occasions. Nawai never addressed this evidence in his brief or at argument. Instead, Nawai argued that, despite all the conversations and evidence that would

support a conviction, two of the photographs that "Kat" sent to Nawai established that Nawai did not believe that "Kat" was thirteen years old. These two photographs are not so significant as to undermine all the other evidence in the case. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) ("[W]hen faced with a record of historical facts that supports conflicting inferences a reviewing court must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." (internal quotation marks and citation omitted)).

Although Nawai questioned the photographs, the record does not demonstrate that Nawai believed "Kat" was an adult after the photographs were sent. Moreover, after the photographs were sent, Nawai and "Kat" had additional conversations about her age. At no time during these conversations did Nawai express any doubt that "Kat" was the age she purported to be. Accordingly, the jury could have reasonably found that Nawai believed "Kat" was thirteen years old. Thus, there was no error let alone plain error.

**AFFIRMED.**

23-2523